IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA


| | |
|---|---|
| Perry Mason Glanton, #348086, ) | CIVIL ACTION NO. 9:12-2607-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Sheriff Adell Dobey, Corporal Enlow, ) | |
| Sgt. Shuster, Corporal Cato, Officer Jones, ) | |
| Nurse Ray and Corporal Shealy, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Lower Savannah Pre-Release Center, alleges violations of his constitutional rights by the named Defendants while he was a pre-trial detainee at the Edgefield County Detention Center.

The Defendant Ray Easler(identified as "Nurse Ray" in the caption of the Complaint) filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 20, 2013. The remaining Defendants filed their own motion for summary judgment on February 25, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 25, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motions may be granted, thereby ending his case.

However, notwithstanding the specific instructions and warning set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the Defendants' motions, which



are now before the Court for disposition.[1]

## **Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that he was incarcerated at the Edgefield County Detention Center on April 9, 2001. Plaintiff initially generally alleges that, during his period of incarceration, he was not allowed to properly clean his cell, although no specific conditions of confinement are set forth in the Complaint.

Plaintiff also alleges that during the month of June 2011, he contracted "MRSA (Methicillin-resistant Staphylococcus Aureus)", which Plaintiff alleges is a "flesh eating disease". Plaintiff alleges he filed a medical grievance, following which he was mis-diagnosed by the Defendant Easler, who said Plaintiff had a spider bite. Plaintiff alleges that his wound was cleaned and wrapped in gauze, and he was provided with over the counter pain medication. Plaintiff alleges that during "repeated visits" to the nurse, his wound was squeezed to drain puss, thereby causing him "excruciating pain". Plaintiff also alleges that his leg was "considerably" swollen, and that although he filed grievances and spoke to correctional officers concerning his condition, he was only provided with Tylenol. Plaintiff alleges his condition was extremely painful, causing him to lose sleep, and that after two and a half weeks or so his wound "burst open".

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Therefore, even though Plaintiff has failed to respond to the motions for summary judgment, the undersigned has considered the factual allegations contained in the verified Complaint in issuing this opinion.



Plaintiff alleges he spoke to the Defendant Cato (a corporal), but received no relief, and that it was not until Officers Hartley and Bush saw his condition and alerted their superiors that he was finally taken to the Edgefield County Hospital and diagnosed with MRSA. Plaintiff alleges he was then prescribed two antibiotics, the first of which he did not receive until approximately three to four days later, and that he was also prescribed Ibuprofen, which he never received. Plaintiff also alleges his bandages were not changed regularly. Plaintiff seeks monetary damages. See generally, Verified Complaint.[3]

In support of summary judgment in the case, the Defendant Ray Easler has submitted and affidavit wherein he attests that he is a licensed practical nurse and was the Medical Team Administrator at the Edgefield County Detention Center during the relevant time period. Easler attests that he is familiar with Plaintiff's medical records, which indicate that his complaint of infection was addressed by the medical staff and that, further, Plaintiff was sent to the local hospital ER for care and treatment on August 17, 2011, where an incision and drainage was performed. Easler attests that Plaintiff was also prescribed Bactrim and Keflex, that in due course Plaintiff's abscess healed, and that as far as he could recall there were no further incidents with this Plaintiff. See generally, Easler Affidavit.

The Defendants have also submitted an affidavit from Tami Massey, a medical doctor and the physician for the Edgefield County Detention Center. Massey attests that she is familiar with the Plaintiff and with his medical records. Massay attests that on or about August 16, 2011, Plaintiff complained of a "bump" on his knee, and that although she has no independent recollection of this

---

[3] Although Plaintiff is no longer confined at the Edgefield County Detention Center, his claim for monetary damages survives his release from the Detention Center. See Mawhinney v. Henderson, 542 F.2d 1, 3 (2d cir. 1976).



particular incident, Plaintiff's medical records reflect that he was seen on that date by Nurse Easler,

who drained the "bump" and started Plaintiff on Bactrim, one pill twice a day for ten days as per her

instructions.  Massey attests that the following day, August 17, 2011, Plaintiff was sent to the

emergency room at the local hospital for examination of his knee and for incision and drainage.  He

was thereafter returned to the detention center with prescriptions for Bactrim and Keflex, as ordered

by the ER doctor.  Massey attests that Nurse Easler cleaned and bandaged Plaintiff's knee on August

18, 2011, and again August 20, 2011, at which time it was noted that there was very little bleeding.

Plaintiff's knee was again cleaned on August 23, 2011, at which time it was noted that the site was

drying and healing.  Massey attests that by August 25, 2011, Plaintiff's knee was healing and no

longer needed a bandage, and Plaintiff was told to notify medical if he had any further issues with

his knee.  Dr. Massey attests that, as far as she was concerned, Plaintiff's knee was no longer a

problem and in due course it completely healed.  See generally, Massey Affidavit.

The Defendant Allison Shuster has submitted an affidavit wherein she attests that she

is a Sergeant with the Edgefield County Sheriff's Office.  Shuster attests that on April 10, 2011,

Plaintiff was booked into the Edgefield County Detention Center on various charges, and that he

remained at the Detention Center until October 7, 2011, when he was transferred to the South

Carolina Department of Corrections.  Shuster attests that on information and belief, Plaintiff

requested medical care on or shortly before August 17, 2011, and that upon reporting a sore on his

knee, Plaintiff was promptly referred to the Edgefield County Detention Center medical staff and

evaluated. Shuster also attests that inmates are routinely provided with cleaning supplies with which

to clean their living area.

Shuster has attached to her affidavit copies of documents reflecting the medical care



Plaintiff received while at the Edgefield County Detention Center, which she attests are maintained in the ordinary course of operation.  These documents include copies of progress notes showing Plaintiff's care and treatment from August 17, 2011 through August 25, 2011 (the entries shown being consistent with the facts attested to by Dr. Massey in her affidavit).  Also attached are copies of medication administration records showing the dates of Plaintiff's receipt of Bactrin and Keflex, a copy of Plaintiff's Inmate Referral Form to the local hospital on August 17, 2011 and reflecting the care Plaintiff received at the hospital, a prescription note from the hospital showing Plaintiff had been prescribed Bactrin and Keflex, and some hospital forms showing the treatment Plaintiff received and that he had been instructed to take antibiotics as directed and that he could use Ibuprofen if he had any pain.  See generally, Shuster Affidavit, with attached Exhibits.

As noted, Plaintiff has not responded to the Defendants motions, and has provided no evidence or exhibits to support his claims.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial.  Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992).  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see



Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment in this case.

Since Plaintiff was a pre-trial detainee during the time period set forth in the complaint, his claims are evaluated under the due process clause of the Fourteenth Amendment; Bell v. Wolfish, 441 U.S. 520, 535 (1979); although for purposes of consideration of Plaintiff's claims, the standard of whether Plaintiff received constitutionally adequate medical care and/or his conditions of confinement met constitutional muster is essentially the same. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]. Under this standard, in order to proceed with his claim for denial of adequate medical care, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). After careful review of the evidence and arguments submitted, the undersigned does not find that the evidence gives rise to a genuine issue of fact as to whether any of these Defendants was deliberately indifferent to Plaintiff's serious medical needs.

First, the undersigned is constrained to note that Plaintiff has made no allegations



whatsoever against any of the named Defendants other than the Defendants Easler and Cato. Even

with respect to the Defendant Cato, Plaintiff has made no allegations that this Defendant was

involved in his medical care, or made any decisions about what type of care and treatment Plaintiff

was to receive. Rather, his only allegation concerning Cato is that Cato allegedly made a derogatory

remark to him about a nagging husband. Therefore, none of the named Defendants, with the possible

exception of Easler, is subject to any liability for claims arising out of Plaintiff's medical care. Cf.

Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) [officials entitled to rely on judgment of medical

personnel]; Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) [officials entitled to rely on expertise

of medical personnel]; see also Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL

112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she

'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan,

511 U.S. at 837.

Even with respect to the Defendant Easler, there is no evidence before the Court to

show that this Defendant violated Plaintiff's constitutional rights. The Defendants have provided

affidavits from medical professionals (including not just Easler but also a physician), as well as

medical records, all reflecting that Plaintiff received prompt and appropriate care for his medical

problem. By contrast, Plaintiff has presented no medical evidence whatsoever in support of the

allegations of his Complaint that he received constitutionally inadequate medical care. The

allegations of Plaintiff's Complaint, standing alone and without any supporting evidence, are simply

not sufficient to allow this claim to proceed as a constitutional violation for deliberate indifference

to a severe medical condition. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)[Disagreements

between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim



absent exceptional circumstances].  Plaintiff's personal opinion notwithstanding, nothing in the evidence and exhibits before the Court gives rise to a genuine issue of fact as to whether any named Defendant was deliberately indifferent to Plaintiff's serious medical needs.  See Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]).

While Plaintiff may not agree with the extent and nature of the medical care he received, he cannot simply allege in a conclusory fashion that he did not receive constitutionally adequate medical care or attention, otherwise provide no supporting evidence other than his own subjective opinion, and expect to survive summary judgment, particularly when the Defendants have submitted medical records as well as sworn testimony from medical professionals which refute his claims.  See House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim];  Levy, No. 96-4705, 1997 WL 112833 ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"].  Therefore, this claim is without merit and should be dismissed.

Finally, to the extent Plaintiff has also intended to assert a constitutional claim about the conditions of his confinement in his cell, he has failed to set forth sufficient facts to create a



8

genuine issue of fact as to whether a constitutional violation occurred. As noted, Plaintiff has

presented no evidence in opposition to the Defendants' motions for summary judgment (and indeed,

did not even respond to the Defendants' motions), and the general and conclusory statement at the

beginning of his Complaint is simply not enough, standing alone, to create a genuine issue of fact as

to whether a constitutional violation occurred. <u>Rish v. Johnson</u>, 131 F.3d 1092, 1096 (4th Cir. 1997)

["[O]nly extreme deprivations are adequate to satisfy the objective component of an Eighth

Amendment claim regarding conditions of confinement"]; <u>Hadley v. Peters</u>, No. 94-1207, 1995 WL

675990 *8 (7th Cir. 1995), <u>cert. denied</u>, 116 S.Ct. 1333 (1996) ["prisons are not required to provide

and prisoners cannot expect the services of a good hotel."] (quoting <u>Harris v. Fleming</u>, 839 F.2d at

1232, 1235 (7th Cir. 1988); <u>De'lonta v. Johnson</u>, ___ F.3d ___, 2013 WL 310350 at * 4 (4th Cir. Jan.

28, 2013) ["Only an extreme deprivation, that is, a 'serious or significant physical or emotional injury

resulting from the challenged conditions,' or substantial risk thereof, will satisfy the objective

component of an Eighth Amendment claim challenging the conditions of confinement."]. This claim

should be dismissed.

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions for summary

judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

April 3, 2013                                  Bristow Marchant
Charleston, South Carolina                     United States Magistrate Judge

9



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

