IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Perry Mason Glanton, #348086, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 9:12-cv-2607-RMG<br>)<br>) |
| Sheriff Adell Dobey; Corporal Enlow; Sgt. Shuster; Corporal Cato; Officer Jones; Nurse Ray; and Corporal Shealy, | ) **ORDER**<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

This matter comes before the Court on a motion for summary judgment filed by Defendant Ray Easler (named as "Nurse Ray" in the caption of this case), (Dkt. No. 20), and a separate motion for summary judgment filed by the remaining Defendants in this action, (Dkt. No. 31). Upon careful review, the Court grants these two motions and dismisses this action.

## Background

Plaintiff Perry Mason Glanton filed this 28 U.S.C. § 1983 action *pro se* on September 11, 2012. (Dkt. No. 1). He alleges that, while held as a pretrial detainee at the Edgefield County Detention Center in Edgefield, South Carolina, in mid-2011, he was not allowed to properly clean his cell. (*Id.* at 3). He also makes a second set of allegations relating to his contraction of methicillin-resistant staphylococcus aureus ("MRSA"). (*Id.*). He alleges his "leg was swollen considerably and painfully infected," while his grievances and complaints of "incapacitating pain" went unheeded by correctional officers. (*Id.*). He alleges specifically that, when he complained to Defendant Corporal Cato, she responded: "If I wanted to hear a man bitch, I would go home to my

husband." (*Id.* at 3–4). He goes on to allege that his infection worsened to the point that "the wound burst open and bled profusely," and only then did two officers see his "condition and alert[] their superiors." (*Id.*).

Plaintiff also makes specific allegations against Defendant Ray Easler, LPN. (Dkt. No. 1 at 1, 3). Plaintiff alleges that Nurse Easler initially "misdiagnosed [him] with a spider bite," and that over "repeated visits" his wound was "squeezed, compounding the already excruciating pain to drain the puss that had accumulated in [his] leg." (*Id.* at 3). The record before the Court, which includes progress notes, a medication chart and an affidavit from the treating physician, Dr. Tami Massey, indicates that Plaintiff was seen by Nurse Easler on August 16, 2011 for an abscess on his left leg. Mr. Easler drained the wound and prescribed an antibiotic, Bactrim. (Dkt. Nos. 31-3 at 1, 31-4 at 7). The following day, August 17, 2011, Plaintiff was referred to the Edgefield County Hospital Emergency Department, where the wound site was again drained and bandaged, after which Plaintiff was returned to the Detention Center. (Dkt. No. 31-4 at 3, 7). Nurse Easler saw the Plaintiff again on August 18, 2011. He noted the Plaintiff's wound site had a moderate amount of bleeding and redressed the wound, and also applied an ACE bandage to control bleeding. (*Id.* at 3). On August 20, 2013, Nurse Easler saw Plaintiff, and cleaned the site and redressed the wound, noting that the wound now had minimal bleeding. (*Id.*). The Plaintiff was again seen by Nurse Easler on August 23, 2011, who documented that the wound site was clean, dry and healing and dressed the wound. (*Id.*). Nurse Easler last saw Plaintiff about his infection on August 25, 2011, and documented that the condition was healing and no longer required a bandage. (*Id.*). Easler also advised Plaintiff that he should "contact medical for any further issues." (*Id.*).

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings. On February 20, 2013, Defendant Ray Easler filed a motion for summary judgment. (Dkt. No. 30). Five days later, the other remaining Defendants filed a motion for summary judgment as well. (Dkt. No. 31). Plaintiff filed no response to these motions for summary judgment. On April 3, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that both motions for summary judgment be granted and this case dismissed. (Dkt. No. 35).

Plaintiff timely submitted his objections to the R&R. (Dkt. No. 38). In his objections, he states that "favorable conditions for a MRSA outbreak" resulted from prison officials not allowing him to clean his cell for three weeks. (*Id.* at 3). He adds that his "need for proper medical treatment and possible hospitalization was obvious to employees of the Detention Center, other inmates and [himself]." (*Id.* at 4).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Thus, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Defendants move for summary judgment. Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex*

*Corporation v. Catrett*, the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. 477 U.S. 317, 323 (1986). If the moving party makes this threshold demonstration, then the non-moving party must, in order to survive summary judgment, demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Notably, "[i]n this Circuit, verified complaints by *pro se* prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge." *Pendergrass v. United States*, No. 0:11-cv-2706-PMD, 2013 WL 518842, at *1 n.3 (D.S.C. Feb. 12, 2013) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Court has reviewed the Magistrate Judge's analysis in the Report and Recommendation, as well as Plaintiff's objections to the R&R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter.

Plaintiff alleges that Defendants exhibited deliberate indifference to his serious medical needs, in effect unnecessarily and wantonly inflicting pain upon him in violation of his constitutional rights. *See generally Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Hill v. Nicodemus*, 979

F.2d 987, 990–92 (4th Cir. 1992) (holding that, for a deliberate indifference claim, a pretrial detainee's due process rights are co-extensive with a convicted prisoner's Eighth Amendment rights). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

To show a defendant's deliberate indifference to a serious medical need, a prisoner must demonstrate that the defendant knew of and disregarded "the risk posed by" that need. *Id.* That deliberate indifference can be displayed, for instance, where prison doctors and other institutional personnel deliberately ignore an inmate's serious condition, *Estelle*, 429 U.S. at 105–06, or where they purposely delay medically necessary treatment in a way that exacerbates the injury or unnecessarily prolongs an inmate's pain, *Abraham v. McDonald*, 493 F. App'x 465, 466 (4th Cir. 2012) (quoting *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). However, "an inadvertent failure to provide adequate medical care" does not by itself satisfy the standard, and thus mere negligence in diagnosis or treatment is insufficient to state a constitutional claim for deliberate indifference. *Estelle*, 429 U.S. at 105–06.

Applying this standard to Plaintiff's claim requires considering how each defendant could reasonably be expected to have acted in light of what he or she knew of Plaintiff's medical condition, which itself was dynamic. First, as the Magistrate Judge observed, "Plaintiff has made no allegations whatsoever against any of the named defendants other than Defendants Easler and Cato." (Dkt. No. 35 at 6–7). Accordingly, no claim has been stated against the other Defendants—Sheriff Adell Dobey, Corporal Enlow, Sgt. Schuster, Officer Jones, and Corporal Shealy—and they are entitled to judgment as a matter of law.

Similarly, Plaintiff's allegations against Defendant Corporal Cato are insufficient to state a claim. He alleges that, when he verbally complained to Defendant Cato about the pain caused by his infection, she did not take action and responded: "If I wanted to hear a man bitch, I would go home to my husband." (Dkt. No. 1 at 3–4). Plaintiff offers no indication of what Defendant Cato knew of his condition or his treatment status, nor does he offer a date for when the alleged exchange purportedly took place. In other words, the Court is left only with a single alleged statement by Defendant Cato. Thus, even construing Plaintiff's allegations liberally, the Court finds that Plaintiff has not alleged "enough facts to state a claim for relief [against Defendant Cato] that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court now turns to Plaintiff's allegations against the sole remaining Defendant, Nurse Ray Easler. Plaintiff alleges that Nurse Easler initially "misdiagnosed [him] with a spider bite," and that over "repeated visits" his wound was "squeezed, compounding the already excruciating pain to drain the puss that had accumulated in my leg." (Dkt. No. 1 at 3). As the Magistrate Judge observed, Defendants "have provided affidavits from medical professionals (including not just Easler but also a physician)." (Dkt .No. 35 at 7). These records reflect that Plaintiff complained of a "bump" on his knee, was seen by Nurse Easler on August 16, 2011, was sent to the local hospital the next day for more intensive treatment, and then had several follow-up visits over the next week—a course of treatment that was, by all accounts, successful in healing Plaintiff's condition. (Dkt. Nos. 31-3, 31-4 at 7). The Court, even drawing all inferences in Plaintiff's favor, finds no basis for concluding that Defendant Easler knew of and disregarded a risk posed by Plaintiff's infection by, for instance, ignoring his request for treatment or delaying a necessary treatment. *See Estelle*, 429 U.S. at 105–06; *Abraham*, 493 F. App'x at 466. Further, to the extent that Defendant

Easler did, as Plaintiff alleges, initially "misdiagnose[]" him with a spider bite, (Dkt. No. 1 at 3), that misdiagnosis cannot by itself support a constitutional claim for deliberate indifference to a serious medical need, especially given that Plaintiff was sent to the hospital for further treatment the following day. *See Estelle*, 429 U.S. at 105–06.

Accordingly, the Court concludes that Defendants have shown that "there is no genuine dispute as to any issue of material fact" in this case, and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## Conclusion

For these reasons, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. No.35), GRANTS the two motions for summary judgment filed by Defendants, (Dkt. Nos. 20, 31), and DISMISSES this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
April 15, 2013